CLOSED

# U.S. District Court
# Eastern District of New York (Brooklyn)
# CRIMINAL DOCKET FOR CASE #: <u>1:21–mj–00811–JRC</u> All Defendants

Case title: USA v. Zeng et al

Date Filed: 07/13/2021

Date Terminated: 07/13/2021

Assigned to: Magistrate Judge James R. Cho

**<u>Defendant (1)</u>**

| | | |
|---|---|---|
| **Liang Liang Zeng**<br>*TERMINATED: 07/13/2021* | represented by | **David Stern**<br>Rothman, Schneider, Soloway & Stern, P.C.<br>100 Lafayette Street,<br>Suite 501<br>New York, NY 10013<br>212–571–5500<br>Fax: 212–571–5507<br>Email: <u>dstern@rssslaw.com</u><br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>Designation: CJA Appointment |

| **Pending Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Opening)** | |
|---|---|
| None | |

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Terminated)** | |
|---|---|
| None | |

| **Complaints** | **Disposition** |
|---|---|
| None | |

Assigned to: Magistrate Judge James R. Cho

**Defendant (2)**

| | |
|---|---|
| **Weng Fu Zeng**<br>*TERMINATED: 07/13/2021* | represented by **Samuel Jacobson**<br>Federal Defenders of New York<br>One Pierrepont Plaza, 16th Floor<br>Brooklyn, NY 11201<br>718–407–7429<br>Fax: 718–855–0760<br>Email: samuel_j_jacobson@fd.org<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Public Defender or*<br>*Community Defender Appointment* |

| **Pending Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Opening)**

None

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| None | |

---

**Plaintiff**

| | |
|---|---|
| **USA** | represented by **Emily J. Dean**<br>USAO–Edny<br>271–A Cadman Plaza East<br>Brooklyn, NY 11201<br>718–254–6059<br>Email: Emily.Dean@usdoj.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Government Attorney* |

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 07/13/2021 | 1 | | RULE 40 AFFIDAVIT / Removal complaint to the District of Maryland by USA as to Liang Liang Zeng, Weng Fu Zeng. Signed by Judge James Cho dtd 7/13/2021. (Yuen, Sui–May) (Entered: 07/14/2021) |

| 07/13/2021 | 2 | | CJA 23 Financial Affidavit by Liang Liang Zeng (Yuen, Sui–May) (Entered: 07/14/2021) |
| 07/13/2021 | 3 | | CJA 20 as to Liang Liang Zeng: Appointment of Attorney David Stern for Liang Liang Zeng.. Ordered by Magistrate Judge James R. Cho on 7/13/2021. (Yuen, Sui–May) (Entered: 07/14/2021) |
| 07/13/2021 | 4 | | CJA 23 Financial Affidavit by Weng Fu Zeng (Yuen, Sui–May) (Entered: 07/14/2021) |
| 07/13/2021 | | | Minute Entry for proceedings held before Magistrate Judge James R. Cho:Initial Appearance in Rule 5(c)(3) Proceedings as to Liang Liang Zeng, and Weng Fu Zeng held on 7/13/2021 VIA WEBEX VIDEO, Attorney Appointment CJA counsel David Stern for defendant Liang Liang Zeng, and federal defender Samuel Jacobson for defendant Weng Fu Zeng held on 7/13/2021. AUSA Emily Dean.(FTR Log #5:02–6:42.) Mandarin interpreter Tuo Huang and Jean Yap. Defendants arraigned on a removal complaint to the District of Maryland. Defendant Weng Fu Zeng was released on a consent bond in the amount of $100,000 with conditions – defendant and 2 suretors advised of bond obligations and gave permission for the Court to sign bond on their behalf. Detention hearing held on dft Liang Liang Weng. Defense counsel David Stern presented a bail package. Government opposed for reasons stated on the record. Court denied bail as to dft Liang Liang Zeng. Commitment order to District of Maryland entered. Both defendants waived identity hearing. (Yuen, Sui–May) (Entered: 07/14/2021) |
| 07/13/2021 | 5 | | ORDER Setting Conditions of Release as to Weng Fu Zeng (2) $100,000. Ordered by Magistrate Judge James R. Cho on 7/13/2021. (Yuen, Sui–May) (Entered: 07/14/2021) |
| 07/13/2021 | 6 | | REDACTED $100,000 bond as to Weng Fu Zeng to 5 1 – Sealed Order Setting Conditions of Release (Yuen, Sui–May) (Entered: 07/14/2021) |
| 07/13/2021 | 7 | | WAIVER of Rule 5(c)(3) Hearing by Weng Fu Zeng (Yuen, Sui–May) (Entered: 07/14/2021) |
| 07/13/2021 | 8 | | WAIVER of Rule 5(c)(3) Hearing by Liang Liang Zeng (Yuen, Sui–May) (Entered: 07/14/2021) |
| 07/13/2021 | 9 | | COMMITMENT TO ANOTHER DISTRICT as to Liang Liang Zeng. Defendant committed to District of District of Maryland.. Ordered by Magistrate Judge James R. Cho on 7/13/2021. (Yuen, Sui–May) (Entered: 07/14/2021) |

AB:EJD

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

       - against -

LIANG LIANG ZENG
and WEN FU ZENG
                   Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - X

REMOVAL COMPLAINT
TO THE DISTRICT
OF MARYLAND

(Fed. R. Crim. P. 5)

Case No. 21-M-811

EASTERN DISTRICT OF NEW YORK, SS:

          Angel Zollicoffer, being duly sworn, deposes and states that she is a Special

Agent with the United States Treasury Department, Treasury Inspector General for Tax

Administration ("TIGTA"), duly appointed according to law and acting as such.

          On or about May 5, 2021, the United States District Court for the District of

Maryland issued arrest warrants commanding the arrest of the defendants LIANG LIANG

ZENG and WEN FU ZENG for violations of Title 18, United States Code, Section 1349

(Conspiracy to Commit Wire Fraud), 18 U.S.C. § 1343 (Wire Fraud) and 18 U.S.C.

§ 1029(a)(5) (Access Device Fraud) (collectively, the "Target Offenses").

          The source of your deponent's information and the grounds for her belief are

as follows:[1]

---

[1]      Because the purpose of this affidavit is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

1.      On or about May 5, 2021, the United States District Court for the District of Maryland issued arrest warrants commanding the arrest of defendants LIANG LIANG ZENG and WEN FU ZENG related to an indictment charging violations of 18 U.S.C. §§ 1349 (Conspiracy to Commit Wire Fraud), 1343 (Wire Fraud) and 18 U.S.C. § 1029(a)(5) (Access Device Fraud). A true and correct copy of the indictment and arrest warrants are attached hereto as Exhibit A.

2.      Based on information derived from the investigation into the Target Offenses, law enforcement conducted surveillance in the area of 659 49th Street, Brooklyn, New York, (the "WEN FU ZENG Residence") and, in 2019, first observed WEN FU ZENG entering and exiting the WEN FU ZENG Residence.   Law enforcement conducted additional surveillance at the WEN FU ZENG Residence, including on, about and between May 2021 and July 12, 2021 and determined that WEN FU ZENG lived on the second floor of the WEN FU ZENG Residence.   As recently as July 12, 2021, law enforcement observed WEN FU ZENG entering the WEN FU ZENG Residence.

3.      On June 30 2021, law enforcement the Honorable Vera M. Scanlon issued a search warrant for the second floor of the WEN FU ZENG Residence.   See 21-MJ-766.

4.      On July 13, 2021, law enforcement was present at the WEN FU ZENG Residence to execute the above-described search warrant and the arrest warrant for WEN FU ZENG.   During the execution of this search warrant, law enforcement agents located WEN FU ZENG in a bedroom on the second floor of the WEN FU ZENG Residence.   Law enforcement agents recognized WEN FU ZENG based on photographs of WEN FU ZENG

from both the New York and Maryland Departments of Motor Vehicles, in addition to other known photographs of WEN FU ZENG.

5.      At that time, WEN FU ZENG was placed under arrest and informed, with the assistance of a Mandarin interpreter, of the warrant for his arrest.

6.      WEN FU ZENG identified himself to law enforcement by his full name.   Law enforcement agents requested WEN FU ZENG's driver's license, at which time WEN FU ZENG motioned towards a pair of pants hanging on a door and informed law enforcement agents that his driver's license was in the lower pants pocket of those pants. Law enforcement then recovered WEN FU ZENG's wallet from the above-described pair of pants, which contained his New York State driver's license.   WEN FU ZENG's driver's license bore the name WEN FU ZENG and his date of birth.   Based on my participation in this investigation, I know this to be the date of birth for WEN FU ZENG, whose arrest warrant was issued on May 5, 2021 in the District of Maryland.

7.      The appearance of the individual who identified himself as WEN FU ZENG matches the appearance known to law enforcement for WEN FU ZENG, wanted in the District of Maryland.

8.      Based on the foregoing, I submit that there is probable cause to believe that the defendant WEN FU ZENG is the defendant WEN FU ZENG, who is wanted in the District of Maryland.

9.      Through law enforcement databases, law enforcement identified 409 Bartlett Avenue Staten Island, NY as a current address for LIANG LIANG ZENG (the "LIANG Residence").   Law enforcement surveilled the LIANG Residence and observed LIANG LIANG ZENG on numerous dates, including on July 6, 2021, entering and exiting

the premises.

       10.    On June 30 2021, the Honorable Vera M. Scanlon issued a search warrant for the LIANG Residence.  <u>See</u> 21-MJ-766.

       11.    On July 13, 2021, law enforcement was present at the LIANG Residence to execute the above-described search warrant and the arrest warrant for LIANG LIANG ZENG.  During the execution of the search warrant, law enforcement located LIANG LIANG ZENG hiding in a closet of a bedroom on the second floor of the LIANG Residence with his child.  Law enforcement agents recognized LIANG LIANG ZENG from his New York State Department of Motor Vehicles photograph.

       12.    Law enforcement agents, with the assistance of a Mandarin interpreter, informed LIANG LIANG ZENG of their identities and explained that there was warrant for his arrest.  LIANG LIANG ZENG confirmed that his name was LIANG LIANG ZENG and also confirmed that his date of birth was the date of birth for LIANG LIANG ZENG, whose arrest warrant was issued on May 5, 2021 in the District of Maryland.  Law enforcement agents recovered LIANG LIANG ZENG's Chinese passport and permanent resident card, which LIANG LIANG ZENG confirmed belonged to him.  LIANG LIANG ZENG's passport and permanent resident card reflects his name and known date of birth.

       13.    The appearance of the individual who identified himself as LIANG LIANG ZENG matches the appearance known to law enforcement for LIANG LIANG ZENG, wanted in the District of Maryland.

       14.    Based on the foregoing, I submit that there is probable cause to believe that the defendant LIANG LIANG ZENG is the defendant LIANG LIANG ZENG, who is wanted in the District of Maryland.

WHEREFORE, your deponent respectfully requests that the defendants

WEN FU ZENG and LIANG LIANG ZENG be removed to the District of Maryland so that

they may be dealt with according to law.

_Angel Zollicoffer_

Angel Zollicoffer
Special Agent, United States Treasury
Department, Treasury Inspector General for Tax
Administration

Sworn to before me by reliable electronic means this
13th day of July, 2021

S/ James Cho

THE HONORABLE JAMES R. CHO
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

USCA2 9

# EXHIBIT A

CAH/MJC2019R00542

**SEALED**

FILED _____ ENTERED
_____ LODGED _____ RECEIVED

MAY  5 2021

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
                              DEPUTY

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | Criminal No. DKC 21cr 146 |
| **v.** | : | |
| | : | **(Conspiracy to Commit Wire Fraud,** |
| **LIANG LIANG ZENG,** | : | **18 U.S.C. § 1349; Wire Fraud, 18** |
| ▇ | : | **U.S.C. § 1343; Access Device Fraud,** |
| **WEN FU ZENG, and** | : | **18 U.S.C. § 1029(a)(5); and Forfeiture,** |
| ▇ , | : | **18 U.S.C. §§ 981(a)(1)(C), 982(a)(2),** |
| | : | **1029(c), 21 U.S.C. § 853(p), 28 U.S.C.** |
| **Defendants.** | : | **§ 2461(c))** |

...oOo...

### INDICTMENT

### COUNT ONE

#### (Conspiracy to Commit Wire Fraud)

The Grand Jury for the District of Maryland charges that:

#### Introduction

At all times relevant to this Indictment:

1.  Defendant LIANG LIANG ZENG ("ZENG") was a resident of Reisterstown, Maryland.   ZENG was the son of Defendant WEN FU ZENG.

2.  Defendant ▇ ("▇") was a resident of Queens, New York.

3.  Defendant WEN FU ZENG was a resident of Reisterstown, Maryland.   WEN FU ZENG was the father of ZENG.

4.  Defendant ▇ was a resident of Owings Mills, Maryland.

5.  Target Corporation ("Target"), a company based in Roseville, Minnesota, owned and operated discount retail stores throughout the United States, including in the state of Maryland.

6.  Target sold gift cards at its retail store locations, online via the Target.com website, and through other retailers.  Once activated, a Target gift card ("gift card") could be used to purchase products at Target stores and at Target's online shopping site.

a.  In addition to the purchase value, each gift card was assigned a unique card number and corresponding access code that is revealed by scratching off a layer of film on the back of the card.

b.  An individual who possessed a gift card number and corresponding access code could use the card without physically possessing it.  That individual could also enter the gift card number and access code into Target's digital application ("app") loaded on a cell phone. The app was called Target Wallet, and it generated a unique bar code on the cell phone screen that could be scanned at a checkout register in lieu of presenting the physical gift card when purchasing a product from Target.  The remaining balance on a particular gift card could be determined at a Target checkout register or by using the app.

7.  Each Target Store employee was assigned a unique employee number upon being hired.  The employee identification number, referred to as a Target Team Member Number, was used by Target's human resources system to track an employee's responsibilities and manage payroll.  A Target employee was entitled to a ten percent discount on Target purchases.  To take advantage of the discount, an employee had to provide their Target Team Member Number at the time of purchase.  A Target employee could enter their Target Team Member Number into their Target Wallet application so their employee discount could be applied to purchases at the time of checkout.

8.  The purchase and redemption of Target gift cards caused interstate wire communications to a data center located in Minnesota.

9.    WeChat was a Chinese text messaging and mobile payment application for cell phones.    WeChat provides its account holders with interstate and foreign text messaging, hold-to-talk voice messaging, video calls, and other services.

## The Scheme and Artifice to Defraud

10.    From in or about July 2018 until in or about September 2020, in the District of Maryland and elsewhere, ZENG, ▮▮▮▮, WEN FU ZENG, ▮▮▮▮, and other persons known and unknown to the Grand Jury, knowingly devised and intended to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, that is, the fraudulent purchase and redemption of Target gift cards (hereinafter, "the scheme to defraud").

## The Conspiracy to Execute the Scheme to Defraud

11.    From in or about July 2018 until in or about September 2020, in the District of Maryland and elsewhere,



**LIANG LIANG ZENG,**
**▮▮▮▮▮,**
**WEN FU ZENG, and**
**▮▮▮▮▮,**

the defendants herein, did knowingly and willfully conspire, combine, confederate, and agree with each other, and other persons known and unknown to the Grand Jury ("conspirators"), to commit wire fraud, that is, to knowingly execute and attempt to execute the scheme to defraud and for the purpose of executing and attempting to execute the scheme to defraud did knowingly transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce certain writings, signs, signals, pictures and sounds, in violation of Title 18, United States Code, Section 1343 (hereinafter, "the conspiracy to defraud").

## Object of the Conspiracy and Scheme to Defraud

12.     The object of the conspiracy and scheme to defraud was to defraud victims of their money and property by materially false and fraudulent pretenses, representations and promises.

### Manner and Means of the Conspiracy and Scheme to Defraud

13.     It was part of the conspiracy and scheme to defraud that conspirators contacted victims by phone and email with the intent to fraudulently induce them to buy Target gift cards.

14.     It was further part of the conspiracy and scheme to defraud that conspirators assumed fictitious identities, including falsely claiming to be from the Internal Revenue Service or a subscription service, among other ruses, and falsely told victims that they owed money or were entitled to a refund.

15.     It was further part of the conspiracy and scheme to defraud that conspirators fraudulently induced victims to purchase multiple Target gift cards by claiming they could pay off an alleged outstanding debt or collect a purported refund.

16.     It was further part of the conspiracy and scheme to defraud that conspirators directed the victims to tell members of the conspiracy the numbers and access codes on the back of the gift cards they purchased on the false belief that they were resolving a claim or debt.

17.     It was further part of the conspiracy and scheme to defraud that the defendants and other conspirators used WeChat to purchase and share newly acquired gift card numbers and access codes obtained by fraud, and to let members of the conspiracy know approximately how much time they had to redeem the cards to minimize the risk of being discovered.

18.     It was further part of the conspiracy and scheme to defraud that the defendants and other conspirators had members of the conspiracy, referred to as "runners" or "buyers," stationed at Target stores waiting to receive fraudulently acquired gift card numbers and corresponding access codes.   Runners were simultaneously deployed to Target stores ahead of time, sometimes

in different geographic areas within a state, even in different states, to ensure full redemption of the gift cards before the victim or Target employees discovered the scheme to defraud and stopped the transactions or canceled the cards.

19.     It was further part of the conspiracy and scheme to defraud that the defendants and other conspirators used runners to go into Target stores to redeem fraudulently acquired gift cards by purchasing high-end electronic products, such as iPads and Apple watches.

20.     It was further part of the conspiracy and scheme to defraud that the defendants and other conspirators presented a Target employee's Team Member Number at the time of purchase in order to get a ten percent discount on electronic devices purchased with the fraudulently acquired gift cards, thereby maximizing the value of the cards.

21.     It was further part of the conspiracy and scheme to defraud that the defendants and other conspirators shared information about the types of electronic products that foreign buyers in Hong Kong and elsewhere were willing to purchase and the prices they were willing to pay.

22.     It was further part of the conspiracy and scheme to defraud that the defendants and other conspirators, after redeeming fraudulently acquired gift cards at multiple Target stores on a given day, met afterwards at a central location, including locations in Baltimore County, Maryland, to take inventory of the products purchased with the fraudulently acquired gift cards; package the products for shipment to a foreign buyer; assess the remaining balances on the gift cards; and pay the runners.

23.     It was further part of the conspiracy and scheme to defraud that the defendants and other conspirators arranged to have foreign buyers pay for the fraudulently obtained products by wiring the proceeds of the sales to various bank accounts in China.

18 U.S.C. § 1349

## COUNT TWO

### (Wire Fraud)

The Grand Jury for the District of Maryland further charges that:

1.       Paragraphs 1 through 10 and 13 through 23 of Count One are hereby realleged and incorporated by reference herein as though fully set forth in this Count of the Indictment.

2.       On or about July 11, 2018, in the District of Maryland, the defendant,

### LIANG LIANG ZENG,

for the purpose of executing the scheme to defraud, did knowingly transmit and cause to be transmitted in interstate commerce, by means of wire communications, certain writings, signs, signals, and sounds, namely, a wire from a Target store in Abingdon, Maryland, to a data center in Minneapolis, Minnesota, for the redemption of Target gift card number ending in 9801, in the amount of $507.61, purchased by J.G. of Columbia, South Carolina.

18 U.S.C. § 1343
18 U.S.C. § 2

6

USCA2 16

## COUNT THREE

### (Wire Fraud)

The Grand Jury for the District of Maryland further charges that:

1.      Paragraphs 1 through 10 and 13 through 23 of Count One are hereby realleged and incorporated by reference herein as though fully set forth in this Count of the Indictment.

2.      On or about July 11, 2018, in the District of Maryland, the defendant,

### WEN FU ZENG,

for the purpose of executing the scheme to defraud, did knowingly transmit and cause to be transmitted in interstate commerce, by means of wire communications, certain writings, signs, signals, and sounds, namely, a wire from a Target store in Abingdon, Maryland, to a data center in Minneapolis, Minnesota, for the redemption of Target gift card number ending in 9801, in the amount of $1,492.39, purchased by J.G. of Columbia, South Carolina.


18 U.S.C. § 1343
18 U.S.C. § 2

USCA2 17

## COUNT FOUR

### (Wire Fraud)

The Grand Jury for the District of Maryland further charges that:

2.      Paragraphs 1 through 10 and 13 through 23 of Count One are hereby realleged and incorporated by reference herein as though fully set forth in this Count of the Indictment.

2.      On or about January 10, 2020, in the District of Maryland, the defendant,

■■■■■■■■■■,

for the purpose of executing the scheme to defraud, did knowingly transmit and cause to be transmitted in interstate commerce, by means of wire communications, certain writings, signs, signals, and sounds, namely, a wire from a Target store in Owings Mills, Maryland, to a data center in Minneapolis, Minnesota, for the redemption of Target gift card number ending in 1182, in the amount of $500, purchased by R.E.S. of Hampstead, Maryland.

18 U.S.C. § 1343
18 U.S.C. § 2

## COUNT FIVE

(Wire Fraud)

The Grand Jury for the District of Maryland further charges that:

1.      Paragraphs 1 through 10 and 13 through 23 of Count One are hereby realleged and incorporated by reference herein as though fully set forth in this Count of the Indictment.

2.      On or about January 24, 2020, in the District of Maryland, the defendant,

### WEN FU ZENG,

for the purpose of executing the scheme to defraud, did knowingly transmit and cause to be transmitted in interstate commerce, by means of wire communications, certain writings, signs, signals, and sounds, namely, a wire from a Target store in Ellicott City, Maryland, to a data center in Minneapolis, Minnesota, for the redemption of Target gift card number ending in 8304, in the amount of $438.84, purchased by D.F. of Alexandria, Virginia.


18 U.S.C. § 1343
18 U.S.C. § 2

## COUNT SIX

### (Access Device Fraud)

The Grand Jury for the District of Maryland further charges that:

1.     Paragraphs 1 through 10 and 13 through 23 of Count One are hereby realleged and incorporated by reference herein as though fully set forth in this Count of the Indictment.

2.     From on or about September 14, 2019 until on or about September 13, 2020, in the District of Maryland and elsewhere, the defendants,

**LIANG LIANG ZENG,**

**WEN FU ZENG, and**

knowingly and with intent to defraud, effected transactions with access devices, namely, Target gift card numbers issued to other persons, to receive merchandise during a one-year period, the aggregate value of which was equal to or greater than $1,000, and said conduct affected interstate commerce, in that the access devices and merchandise were obtained from retail stores engaged in such commerce.


18 U.S.C. § 1029(a)(5)
18 U.S.C. § 2

10

USCA2 20

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1.      Pursuant to Rule 32.2, Fed. R. Crim. P., notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(2), and 1029(c); Title 21, United States Code, Section 853(p); and Title 28, United States Code, Section 2461(c) in the event of the defendants' conviction under any of the offenses in Counts One through Six of the Indictment.

### Wire Fraud Forfeiture

2.      Upon conviction for any of the offenses set forth in Counts One through Five, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the defendants,

**LIANG LIANG ZENG,**



**WEN FU ZENG, and**

shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to the scheme to defraud, including, but not limited to a money judgment in the amount of $1,061,000 representing in the proceeds the defendants obtained from their participation in the scheme to defraud.

### Access Device Fraud Forfeiture

3.      Upon conviction for the offenses set forth in Count Six, pursuant to 18 U.S.C. §§ 982(a)(2) and 1029(c), the defendants,

**LIANG LIANG ZENG,**



**WEN FU ZENG, and**

11

USCA2 21

shall forfeit to the United States any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of the offense, and any personal property used or intended to be used to commit the offense.

### Specific Property

The property to be forfeited includes, but is not limited to, the following electronic products:

|   |   |
|---|---|
| a. | 5 Apple Watches |
| b. | 19 Apple iPad Minis |
| c. | 2 Nintendo Switches |
| d. | 34 Apple iPad Pros |
| e. | 60 Apple iPad Airs |
| f. | 6 Apple iPads |
| g. | Nikon D3500 digital camera |
| h. | 2 Phillips Sonicare toothbrushes |

### Substitute Assets

4.     If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence

b. has been transferred, sold to, or deposited with a third party

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States, pursuant to 21 U.S.C. § 853(p) and 28 U.S.C. § 2461(c), shall be entitled to forfeiture of substitute property up to the value of the forfeitable property described above.

18 U.S.C. § 981(a)(1)(C)
18 U.S.C. § 982(a)(2)
18 U.S.C. § 1029(c)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

*Jonathan F. Lenzner/mjc*
Jonathan F. Lenzner
Acting United States Attorney
District of Maryland

A TRUE BILL:

Foreperson

5·5·21
Date

13

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT

for the

District of Maryland

**SEALED**

United States of America

v.

Case No. DKC 21cr146

LIANG LIANG ZENG

)
)
)
)
)
)

*Defendant*

## ARREST WARRANT

To:      Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)*      LIANG LIANG ZENG

who is accused of an offense or violation based on the following document filed with the court:

☑ Indictment          ☐ Superseding Indictment          ☐ Information          ☐ Superseding Information          ☐ Complaint

☐ Probation Violation Petition          ☐ Supervised Release Violation Petition          ☐ Violation Notice          ☐ Order of the Court

This offense is briefly described as follows:

Conspiracy to Commit Wire Fraud- 18 U.S.C. § 1349
Wire Fraud- 18 U.S.C. § 1343
Access Device Fraud- 18 U.S.C. § 1029(a)(5)

Date:   5-5-21

_____
*Issuing officer's signature*

City and state:      Baltimore, Maryland

United States Magistrate Judge
*Printed name and title*

| Return |
|---|
| This warrant was received on *(date)* 5/5/21 , and the person was arrested on *(date)* 7/13/21 at *(city and state)* Staten Island, Ny |
| Date: 7/13/21 |

_____
*Arresting officer's signature*

Angel Zollicoffer, Special Agent
*Printed name and title*

AO 442 (Rev. 11/11) Arrest Warrant (Page 2)

**This second page contains personal identifiers provided for law-enforcement use only and therefore should not be filed in court with the executed warrant unless under seal.**

*(Not for Public Disclosure)*

Name of defendant/offender:   LIANG LIANG ZENG

Known aliases:

Last known residence:

Prior addresses to which defendant/offender may still have ties:

Last known employment:

Last known telephone numbers:

Place of birth:

Date of birth:   09/07/1988

Social Security number:

Height:                                  Weight:

Sex:    Male                            Race:    Asian

Hair:                                     Eyes:

Scars, tattoos, other distinguishing marks:

History of violence, weapons, drug use:

Known family, friends, and other associates *(name, relation, address, phone number)*:

FBI number:

Complete description of auto:

Investigative agency and address:

Name and telephone numbers (office and cell) of pretrial services or probation officer *(if applicable)*:

Date of last contact with pretrial services or probation officer *(if applicable)*:

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT

for the

District of Maryland

**SEALED**

United States of America

v.

WEN FU ZENG

)
)
)
)
)
)

Case No. DKC 21cr1446

_Defendant_

## ARREST WARRANT

To:     Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
_(name of person to be arrested)_     WEN FU ZENG
who is accused of an offense or violation based on the following document filed with the court:

☑ Indictment     ☐ Superseding Indictment     ☐ Information     ☐ Superseding Information     ☐ Complaint
☐ Probation Violation Petition     ☐ Supervised Release Violation Petition     ☐ Violation Notice     ☐ Order of the Court

This offense is briefly described as follows:

Conspiracy to Commit Wire Fraud- 18 U.S.C. § 1349
Wire Fraud- 18 U.S.C. § 1343
Access Device Fraud- 18 U.S.C. § 1029(a)(5)

Date:     5-5-21

_Issuing officer's signature_

City and state:     Baltimore, Maryland

United States Magistrate Judge
_Printed name and title_

| Return |
|---|
| This warrant was received on _(date)_ 05/05/2021 , and the person was arrested on _(date)_ 07/13/2021 at _(city and state)_ Brooklyn New York. |
| Date: 07/13/2021 |

_Arresting officer's signature_     # 1701

Michael Carpenter, Special Agt
_Printed name and title_

AO 442 (Rev. 11/11) Arrest Warrant (Page 2)

**This second page contains personal identifiers provided for law-enforcement use only
and therefore should not be filed in court with the executed warrant unless under seal.**

*(Not for Public Disclosure)*

Name of defendant/offender:    WEN FU ZENG

Known aliases:

Last known residence:

Prior addresses to which defendant/offender may still have ties:

Last known employment:

Last known telephone numbers:

Place of birth:

Date of birth:    04/23/1963

Social Security number:

Height:                                                        Weight:

Sex:    Male                                                 Race:    Asian

Hair:                                                          Eyes:

Scars, tattoos, other distinguishing marks:

History of violence, weapons, drug use:

Known family, friends, and other associates *(name, relation, address, phone number)*:

FBI number:

Complete description of auto:

Investigative agency and address:

Name and telephone numbers (office and cell) of pretrial services or probation officer *(if applicable)*:

Date of last contact with pretrial services or probation officer *(if applicable)*:

| CJA-23<br>(Rev 3/21) | **FINANCIAL AFFIDAVIT** |
|---|---|
| | IN SUPPORT OF REQUEST FOR ATTORNEY, EXPERT, OR OTHER SERVICES WITHOUT PAYMENT OF FEE |

**IN THE UNITED STATES** ☑ DISTRICT COURT ☐ COURT OF APPEALS ☐ OTHER *(Specify Below)*

IN THE CASE OF

FOR _____

AT _____

| LOCATION NUMBER |
|---|

United States of America v. Liang Liang Zeng

PERSON REPRESENTED *(Show your full name)*

Liang Liang Zeng

1 ☑ Defendant - Adult
2 ☐ Defendant - Juvenile
3 ☐ Appellant
4 ☐ Probation Violator
5 ☐ Supervised Release Violator
6 ☐ Habeas Petitioner
7 ☐ 2255 Petitioner
8 ☐ Material Witness
9 ☐ Other *(Specify)*

| DOCKET NUMBERS |
|---|
| Magistrate Judge |
| USMJ Cho |
| District Court |
| EDNY |
| Court of Appeals |

CHARGE/OFFENSE *(Describe if applicable & check box→)* ☑ Felony ☐ Misdemeanor

Wire Fraud and Mail Fraud

## ANSWERS TO QUESTIONS REGARDING ABILITY TO PAY

| | | |
|---|---|---|
| **EMPLOYMENT** | Do you have a job? ☐ Yes ☒ No | |
| | **IF YES,** how much do you earn per month? _____ | |
| | Will you still have a job after this arrest? ☐ Yes ☐ No ☐ Unknown | |

| | | |
|---|---|---|
| **INCOME & ASSETS** | **PROPERTY** | Do you own any of the following, and if so, what is it worth? |

| | APPROXIMATE VALUE | DESCRIPTION & AMOUNT OWED |
|---|---|---|
| Home | $ 730,000 | Staten Island |
| Car/Truck/Vehicle | $ 50,000 | |
| Boat | $ | |
| Stocks/bonds | $ | |
| Other property | $ 270,000 | Maryland property |

| | |
|---|---|
| **CASH & BANK ACCOUNTS** | Do you have any cash, or money in savings or checking accounts? ☒ Yes ☐ No |
| | **IF YES,** give the total approximate amount after monthly expenses $ _____ |

How many people do you financially support? _____

| BILLS & DEBTS | MONTHLY EXPENSE | TOTAL DEBT |
|---|---|---|
| Housing | $ 800 | $ |
| Groceries | $ 800 | $ |
| Medical expenses | $ | $ |
| Utilities | $ 70 500 | $ |
| Credit cards | $ 600 | $ |
| Car/Truck/Vehicle | $ 910 | $ |
| Childcare | $ | $ |
| Child support | $ | $ |
| Insurance | $ 300 | $ |
| Loans | $ | $ |
| Fines | $ | $ |
| Other | $ 200 piano lessons | $ |

**OBLIGATIONS, EXPENSES, & DEBTS**

I certify under penalty of perjury that the foregoing is true and correct.

Liang Liang Zem

SIGNATURE OF DEFENDANT
(OR PERSON SEEKING REPRESENTATION)

7/13/2021
Date



s/ James R. Cho, U.S.M.J.
7/13/2021

CJA 20 APPOINTMENT OF AND AUTHORITY TO PAY COURT APPOINTED COUNSEL (Rev. 5/99)

| 1. CIR./DIST./ DIV. CODE | 2. PERSON REPRESENTED | | VOUCHER NUMBER |
|---|---|---|---|
| EDNY | LIANG LIANG ZENG | | |

| 3. MAG. DKT./DEF. NUMBER | 4. DIST. DKT./DEF. NUMBER | 5. APPEALS DKT./DEF. NUMBER | 6. OTHER DKT. NUMBER |
|---|---|---|---|
| 21-811 M | | | |

| 7. IN CASE/MATTER OF (Case Name) | 8. PAYMENT CATEGORY | 9. TYPE PERSON REPRESENTED | 10. REPRESENTATION TYPE (See Instructions) |
|---|---|---|---|
| USA  vs.  Zeng, et al. | X Felony ☐ Petty Offense<br>☐ Misdemeanor ☐ Other<br>Appeal | X Adult Defendant ☐ Appellant<br>☐ Juvenile Defendant ☐ Appellee<br>Other | CC |

11. OFFENSE(S) CHARGED (Cite U.S. Code, Title & Section) *If more than one offense, list (up to five) major offenses charged, according to severity of offense.*

REMOVAL TO DISTRICT OF MARYLAND

| 12. ATTORNEY'S NAME (First Name, M.I., Last Name, including any suffix), AND MAILING ADDRESS | 13. COURT ORDER |
|---|---|
| David Stern, Esq.<br>Rothman, Schneider, Soloway & Stern, LLP<br>100 Lafayette Street, Suite 501<br>New York, New York 10013<br><br>Telephone Number : | x O Appointing Counsel ☐ C Co-Counsel<br>☐ F Subs For Federal Defender ☐ R Subs For Retained Attorney<br>☐ P Subs For Panel Attorney ☐ Y Standby Counsel<br><br>Prior Attorney's Name:<br>   Appointment Dates:<br>☐ Because the above-named person represented has testified under oath or has otherwise satisfied this Court that he or she (1) is financially unable to employ counsel and (2) does not wish to waive counsel, and because the interests of justice so require, the attorney whose name appears in Item 12 is appointed to represent this person in this case, OR<br>☐ Other (See Instructions) |

| 14. NAME AND MAILING ADDRESS OF LAW FIRM (Only provide per instructions) | |
|---|---|
| | S/  James Cho<br>Signature of Presiding Judicial Officer or By Order of the Court<br><br>7/13/2021      7/13/2021<br>Date of Order      Nunc Pro Tunc Date<br>Repayment or partial repayment ordered from the person represented for this service at time appointment.    ☐ YES ☐ NO |

## CLAIM FOR SERVICES AND EXPENSES — FOR COURT USE ONLY

| | CATEGORIES (Attach itemization of services with dates) | HOURS CLAIMED | TOTAL AMOUNT CLAIMED | MATH/TECH. ADJUSTED HOURS | MATH/TECH. ADJUSTED AMOUNT | ADDITIONAL REVIEW |
|---|---|---|---|---|---|---|
| **15.** | a. Arraignment and/or Plea | | | | | |
| | b. Bail and Detention Hearings | | | | | |
| | c. Motion Hearings | | | | | |
| In Court | d. Trial | | | | | |
| | e. Sentencing Hearings | | | | | |
| | f. Revocation Hearings | | | | | |
| | g. Appeals Court | | | | | |
| | h. Other (Specify on additional sheets) | | | | | |
| | (RATE PER HOUR = $    )   TOTALS: | | | | | |
| **16.** | a. Interviews and Conferences | | | | | |
| | b. Obtaining and reviewing records | | | | | |
| Out of Court | c. Legal research and brief writing | | | | | |
| | d. Travel time | | | | | |
| | e. Investigative and other work (Specify on additional sheets) | | | | | |
| | (RATE PER HOUR = $    )   TOTALS: | | | | | |
| **17.** | Travel Expenses (lodging, parking, meals, mileage, etc.) | | | | | |
| **18.** | Other Expenses (other than expert, transcripts, etc.) | | | | | |

### GRAND TOTALS (CLAIMED AND ADJUSTED):

| 19. CERTIFICATION OF ATTORNEY/PAYEE FOR THE PERIOD OF SERVICE | 20. APPOINTMENT TERMINATION DATE IF OTHER THAN CASE COMPLETION | 21. CASE DISPOSITION |
|---|---|---|
| FROM:      TO: | | |

| 22. CLAIM STATUS ☐ Final Payment ☐ Interim Payment Number _____ ☐ Supplemental Payment |
|---|
| Have you previously applied to the court for compensation and/or reimbursement for this   ☐ YES ☐ NO    If yes, were you paid? ☐ YES ☐ NO<br>Other than from the Court, have you, or to your knowledge has anyone else, received payment (compensation or anything of value) from any other source in connection with this representation? ☐ YES ☐ NO   If yes, give details on additional sheets.<br>**I swear or affirm the truth or correctness of the above statements.**<br><br>Signature of Attorney          Date |

## APPROVED FOR PAYMENT — COURT USE ONLY

| 23. IN COURT COMP. | 24. OUT OF COURT COMP. | 25. TRAVEL EXPENSES | 26. OTHER EXPENSES | 27. TOTAL AMT. APPR./CERT. |
|---|---|---|---|---|
| | | | | |

| 28. SIGNATURE OF THE PRESIDING JUDICIAL OFFICER | DATE | 28a. JUDGE/MAG. JUDGE CODE |
|---|---|---|
| | | |

| 29. IN COURT COMP. | 30. OUT OF COURT COMP. | 31. TRAVEL EXPENSES | 32. OTHER EXPENSES | 33. TOTAL AMT. APPROVED |
|---|---|---|---|---|
| | | | | |

| 34. SIGNATURE OF CHIEF JUDGE, COURT OF APPEALS (OR DELEGATE) Payment approved in excess of the statutory threshold amount. | DATE | 34a. JUDGE CODE |
|---|---|---|
| | | |

CJA-23
(Rev 3/21)

# FINANCIAL AFFIDAVIT
IN SUPPORT OF REQUEST FOR ATTORNEY, EXPERT, OR OTHER SERVICES WITHOUT PAYMENT OF FEE

| IN THE UNITED STATES ☒ DISTRICT COURT ☐ COURT OF APPEALS | ☐ OTHER *(Specify Below)* | LOCATION NUMBER |
|---|---|---|

IN THE CASE OF      Liang Liang Zeng.

United States      v.     Wengfu Zeng

FOR

AT

PERSON REPRESENTED *(Show your full name)*

Weng Fu Zeng

1 ☒ Defendant - Adult
2 ☐ Defendant - Juvenile
3 ☐ Appellant
4 ☐ Probation Violator
5 ☐ Supervised Release Violator
6 ☐ Habeas Petitioner
7 ☐ 2255 Petitioner
8 ☐ Material Witness
9 ☐ Other *(Specify)*

DOCKET NUMBERS
Magistrate Judge  Judge Cho
District Court  EDNY
Court of Appeals

CHARGE/OFFENSE *(Describe if applicable & check box→)*      ☐ Felony      ☐ Misdemeanor

## ANSWERS TO QUESTIONS REGARDING ABILITY TO PAY

| INCOME & ASSETS | EMPLOYMENT | Do you have a job? ☒ Yes ☐ No |
|---|---|---|
| | | IF YES, how much do you earn per month? $ 1,400 |
| | | Will you still have a job after this arrest? ☒ Yes ☐ No ☐ Unknown |

Do you own any of the following, and if so, what is it worth?

| PROPERTY | APPROXIMATE VALUE | DESCRIPTION & AMOUNT OWED |
|---|---|---|
| Home | $ — | |
| Car/Truck/Vehicle | $ paid off - 2015 - $14,000 | |
| Boat | $ — | |
| Stocks/bonds | $ — | |
| Other property | $ — | |

| CASH & BANK ACCOUNTS | Do you have any cash, or money in savings or checking accounts? ☒ Yes ☐ No |
|---|---|
| | IF YES, give the total approximate amount after monthly expenses $ 3,000 |

How many people do you financially support? 2

| OBLIGATIONS, EXPENSES, & DEBTS | BILLS & DEBTS | MONTHLY EXPENSE | TOTAL DEBT |
|---|---|---|---|
| | Housing | $ 500 | $ |
| | Groceries | $ | $ |
| | Medical expenses | $ | $ |
| | Utilities | $ | $ |
| | Credit cards | $ | $ |
| | Car/Truck/Vehicle | $ 100 | $ |
| | Childcare | $ | $ |
| | Child support | $ | $ |
| | Insurance | $ 100 | $ |
| | Loans | $ | $ |
| | Fines | $ | $ |
| | Other | $ | $ |

I certify under penalty of perjury that the foregoing is true and correct.

WEN FU ZENG                                           7/13/21
SIGNATURE OF DEFENDANT                                Date
(OR PERSON SEEKING REPRESENTATION)

s/ james R. Cho, U.S.M.J.
7/13/2021

```
MIME-Version:1.0
From:ecf_bounces@nyed.uscourts.gov
To:nobody@nyed.uscourts.gov
Bcc:
--Case Participants: David Stern (dstern@rssslaw.com, mulerio@rssslaw.com,
office@rssslaw.com), Samuel Jacobson (samuel_i_jacobson@fd.org), Emily J. Dean
(emily.dean@usdoj.gov), Magistrate Judge James R. Cho (james_cho@nyed.uscourts.gov,
john_hazelwood@nyed.uscourts.gov, sarah_maneval@nyed.uscourts.gov,
saudia_gillespie@nyed.uscourts.gov)
--Non Case Participants:
--No Notice Sent:

Message-Id:16010499@nyed.uscourts.gov
Subject:Activity in Case 1:21-mj-00811-JRC USA v. Zeng et al Initial Appearance - Rule
5(c)(3)
Content-Type: text/html
```

## U.S. District Court

## Eastern District of New York

**Notice of Electronic Filing**


The following transaction was entered on 7/14/2021 at 9:52 AM EDT and filed on 7/13/2021

| | |
|---|---|
| **Case Name:** | USA v. Zeng et al |
| **Case Number:** | 1:21-mj-00811-JRC |
| **Filer:** | |
| **Document Number:** | No document attached |

**Docket Text:**
 **Minute Entry for proceedings held before Magistrate Judge James R. Cho:Initial Appearance in Rule 5(c)(3) Proceedings as to Liang Liang Zeng, and Weng Fu Zeng held on 7/13/2021 VIA WEBEX VIDEO, Attorney Appointment CJA counsel David Stern for defendant Liang Liang Zeng, and federal defender Samuel Jacobson for defendant Weng Fu Zeng held on 7/13/2021. AUSA Emily Dean.(FTR Log #5:02–6:42.) Mandarin interpreter Tuo Huang and Jean Yap. Defendants arraigned on a removal complaint to the District of Maryland. Defendant Weng Fu Zeng was released on a consent bond in the amount of $100,000 with conditions – defendant and 2 suretors advised of bond obligations and gave permission for the Court to sign bond on their behalf. Detention hearing held on dft Liang Liang Weng. Defense counsel David Stern presented a bail package. Government opposed for reasons stated on the record. Court denied bail as to dft Liang Liang Zeng. Commitment order to District of Maryland entered. Both defendants waived identity hearing. (Yuen, Sui–May)**


**1:21-mj-00811-JRC-1 Notice has been electronically mailed to:**

David Stern     dstern@rssslaw.com, mulerio@rssslaw.com, office@rssslaw.com

Samuel Jacobson     samuel_i_jacobson@fd.org

Emily J. Dean     Emily.Dean@usdoj.gov

**1:21-mj-00811-JRC-1 Notice will not be electronically mailed to:**

**1:21–mj–00811–JRC–2 Notice has been electronically mailed to:**

David Stern     dstern@rssslaw.com, mulerio@rssslaw.com, office@rssslaw.com

Samuel Jacobson     samuel_i_jacobson@fd.org

Emily J. Dean     Emily.Dean@usdoj.gov

**1:21–mj–00811–JRC–2 Notice will not be electronically mailed to:**

**United States District Court, Eastern District of New York**

| UNITED STATES OF AMERICA | **ORDER SETTING CONDITIONS OF RELEASE** |
|---|---|
| **V.** | **AND APPEARANCE BOND** |

Case Number: _____

_____, Defendant.

## RELEASE ORDER

It is hereby ORDERED that the above-named defendant be released subject to the Standard Conditions of Release on the reverse and as follows:

[ ]   Upon **Personal Recognizance Bond** on his/her promise to appear at all scheduled proceedings as required, or

[ ]   Upon **Bond** executed by the defendant in the amount of $_____, and
secured by [ ] financially responsible sureties listed below and/or [ ] collateral set forth below.

## Additional Conditions of Release

The Court finding that release under the Standard Conditions of Release on the reverse will not by themselves reasonably assure the appearance of the defendant and/or the safety of other persons and the community, IT IS FURTHER ORDERED as follows:

[ ]  1.   The defendant must remain in and may not leave the following areas without Court permission: [ ] New York City; [ ] Long Island, NY;
[ ] New York State; [ ] New Jersey; [ ] _____ and travel to and from this Court and the permitted areas.

[ ]  2.   The defendant must avoid all contact with the following persons or entities: _____
_____

[ ]  3.   The defendant must avoid and not go to any of the following locations: _____

[ ]  4.   The defendant must surrender all passports to Pretrial Services by _____ and not obtain other passports or international travel documents.

[ ]  5.   The defendant is placed under the supervision of the Pretrial Services Agency subject to the Special Conditions on the reverse and:

   [ ]  a.   is subject to random visits by a Pretrial Services officer at defendant's residence and/or place of work;

   [ ]  b.   must report [ ] as directed by Pretrial Services or [ ] in person ___ times per _____ and/or [ ] by telephone ___ times per _____.

   [ ]  c.   must undergo [ ] testing, [ ] evaluation and/or [ ] treatment for substance abuse, including alcoholism, as directed by Pretrial Services.

   [ ]  d.   must undergo evaluation and treatment for mental health problems, as directed by Pretrial Services.

   [ ]  e.   is subject to the following location restriction program with location monitoring, as directed by Pretrial Services:

   [ ] home incarceration: restricted to home at all times, except for attorney visits, court appearances and necessary medical treatment;

   [ ] home detention: restricted to home at all times, except for attorney visits, court appearances, medical treatment, [ ] religious services,
   [ ] employment, [ ] school or training, [ ] other activities approved by Pretrial Services, [ ] _____

   [ ] curfew: restricted to home every day from _____ to _____, or [ ] as directed by Pretrial Services.

   [ ] Defendant must pay all or part of the cost of any required testing, evaluation, treatment and/or location monitoring with personal funds,
   based upon ability to pay as determined by the Court and the Pretrial Services Agency, and/ or from available insurance.

[ ]  6.   Other Conditions: _____

## APPEARANCE BOND

I, the undersigned defendant, and each surety who signs this bond, acknowledge that I have read this Appearance Bond and, and have either read all the other conditions of release or have had those conditions explained. I further acknowledge that I and my personal representatives, jointly and severally, are bound to pay the United States of America the sum of $_____ and that this obligation is secured with the below interest in the following property ("Collateral") which I represent is/are free and clear of liens except as otherwise indicated:

   [ ] cash deposited in the Registry of the Court in the sum of $_____;

   [ ] premises located at: _____ owned by _____.

   [ ] I also agree to execute a confession of judgment, mortgage or lien in form approved by the U.S. Attorney which shall be duly filed with the
   proper local and state authorities on or before _____.

Each owner of the above Collateral agrees not to sell the property, allow further claims or encumbrances to be made against it, or do anything to reduce its value while this Appearance Bond is in effect.

*Forfeiture of the Bond.* This Appearance Bond may be forfeited if the defendant fails to comply with any of the conditions set forth above and on the reverse. The defendant and any surety who has signed this form also agree that the court may immediately order the amount of the bond surrendered to the United States, including any security for the bond, if the defendant fails to comply with the above agreement. The court may also order a judgment of forfeiture against the defendant and against each surety for the entire amount of the bond, including any interest and costs. *Date*

_____  Address: _____  _____
     , Surety

_____  Address: _____  _____
     , Surety

_____  Address: _____  _____
     , Surety

**I acknowledge that I am the defendant in this case and that I am aware of the conditions of release and of the penalties and sanctions set forth on the front and reverse sides of this form.**

_____
Signature of Defendant

**Release of the Defendant is hereby ordered on** _____ **20____.**

_____, US____

Distribution:   Canary - Court   Pink - Pretrial Services   Goldenrod - Defendant

**United States District Court, Eastern District of New York**

| | |
|---|---|
| UNITED STATES OF AMERICA | **ORDER SETTING CONDITIONS OF RELEASE** |
| V. | **AND APPEARANCE BOND** |

Case Number:

_____, Defendant.

### RELEASE ORDER

It is hereby ORDERED that the above-named defendant be released subject to the Standard Conditions of Release on the reverse and as follows:
[ ]  Upon **Personal Recognizance Bond** on his/her promise to appear at all scheduled proceedings as required, or
[ ]  Upon **Bond** executed by the defendant in the amount of $ _____, and
 secured by [ ] financially responsible sureties listed below and/or [ ] collateral set forth below.

### Additional Conditions of Release

The Court finding that release under the Standard Conditions of Release on the reverse will not by themselves reasonably assure the appearance of the defendant and/or the safety of other persons and the community, IT IS FURTHER ORDERED as follows:

[ ]  1.  The defendant must remain in and may not leave the following areas without Court permission: [ ] New York City; [ ] Long Island, NY;
 [ ] New York State; [ ] New Jersey; [ ] _____ and travel to and from this Court and the permitted areas.
[ ]  2.  The defendant must avoid all contact with the following persons or entities: _____
 _____.
[ ]  3.  The defendant must avoid and not go to any of the following locations: _____.
[ ]  4.  The defendant must surrender all passports to Pretrial Services by _____ and not obtain other passports or international travel documents.
[ ]  5.  The defendant is placed under the supervision of the Pretrial Services Agency subject to the Special Conditions on the reverse and:
 [ ]  a.  is subject to random visits by a Pretrial Services officer at defendant's residence and/or place of work;
 [ ]  b.  must report [ ] as directed by Pretrial Services or [ ] in person ___ times per _____ and/or [ ] by telephone ___ times per _____.
 [ ]  c.  must undergo [ ] testing, [ ] evaluation and/or [ ] treatment for substance abuse, including alcoholism, as directed by Pretrial Services.
 [ ]  d.  must undergo evaluation and treatment for mental health problems, as directed by Pretrial Services.
 [ ]  e.  is subject to the following location restriction program with location monitoring, as directed by Pretrial Services:
  [ ] home incarceration: restricted to home at all times, except for attorney visits, court appearances and necessary medical treatment;
  [ ] home detention: restricted to home at all times, except for attorney visits, court appearances, medical treatment, [ ] religious services,
   [ ] employment, [ ] school or training, [ ] other activities approved by Pretrial Services, [ ] _____
  [ ] curfew: restricted to home every day from _____ to _____, or [ ] as directed by Pretrial Services.
 [ ]  Defendant must pay all or part of the cost of any required testing, evaluation, treatment and/or location monitoring with personal funds,
  based upon ability to pay as determined by the Court and the Pretrial Services Agency, and/ or from available insurance.

[ ]  6.  Other Conditions: _____

### APPEARANCE BOND

I, the undersigned defendant, and each surety who signs this bond, acknowledge that I have read this Appearance Bond and, and have either read all the other conditions of release or have had those conditions explained. I further acknowledge that I and my personal representatives, jointly and severally, are bound to pay the United States of America the sum of $ _____ and that this obligation is secured with the below interest in the following property ("Collateral") which I represent is/are free and clear of liens except as otherwise indicated:

 [ ] cash deposited in the Registry of the Court in the sum of $ _____ ;
 [ ] premises located at: _____ owned by _____.
 [ ] I also agree to execute a confession of judgment, mortgage or lien in form approved by the U.S. Attorney which shall be duly filed with the
  proper local and state authorities on or before _____

Each owner of the above Collateral agrees not to sell the property, allow further claims or encumbrances to be made against it, or do anything to reduce its value while this Appearance Bond is in effect.

*Forfeiture of the Bond.* This Appearance Bond may be forfeited if the defendant fails to comply with any of the conditions set forth above and on the reverse. The defendant and any surety who has signed this form also agree that the court may immediately order the amount of the bond surrendered to the United States, including any security for the bond, if the defendant fails to comply with the above agreement. The court may also order a judgment of forfeiture against the defendant and against each surety for the entire amount of the bond, including any interest and costs.  *Date*

_____ Address: _____ _____
 , Surety

_____ Address: _____ _____
 , Surety

_____ Address: _____ _____
 , Surety

**I acknowledge that I am the defendant in this case and that I am aware of the conditions of release and of the penalties and sanctions set forth on the front and reverse sides of this form.**

_____
Signature of Defendant

**Release of the Defendant is hereby ordered on** _____ **20** ____.

_____, US ___

AO 466A (Rev. 12/17) Waiver of Rule 5 & 5.1 Hearings (Complaint or Indictment)

# UNITED STATES DISTRICT COURT
for the

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No.     21-811 M |
| | ) | |
| Weng Fu Zeng | ) | Charging District's Case No. |
| _____ | ) | |
| *Defendant* | ) | |

## WAIVER OF RULE 5 & 5.1 HEARINGS
### (Complaint or Indictment)

I understand that I have been charged in another district, the *(name of other court)*    District of Maryland

I have been informed of the charges and of my rights to:

(1)    retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2)    an identity hearing to determine whether I am the person named in the charges;

(3)    production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4)    a preliminary hearing to determine whether there is probable cause to believe that an offense has been committed, to be held within 14 days of my first appearance if I am in custody and 21 days otherwise, unless I have been indicted beforehand.

(5)    a hearing on any motion by the government for detention;

(6)    request a transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

☒    an identity hearing and production of the warrant.

☒    a preliminary hearing.

☐    a detention hearing.

☐    an identity hearing, production of the judgment, warrant, and warrant application, and any preliminary or detention hearing to which I may be entitled in this district. I request that my
     ☐ preliminary hearing and/or ☐ detention hearing be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date:   7/13/2021                X Samuel Jacobson
                                                 *Defendant's signature*

                                          X   Weng Fu Zeng
                                              *Signature of defendant's attorney*

s/ James R. Cho, U.S.M.J.
7/13/2021

                                          *Printed name of defendant's attorney*

AO 466A (Rev. 12/17) Waiver of Rule 5 & 5.1 Hearings (Complaint or Indictment)

# UNITED STATES DISTRICT COURT
## for the

|  |  |  |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No.  21-811 M |
|  | ) | |
| Liang Liang Zeng | ) | Charging District's Case No. |
| *Defendant* | ) | |

## WAIVER OF RULE 5 & 5.1 HEARINGS
### (Complaint or Indictment)

I understand that I have been charged in another district, the *(name of other court)*  District of Maryland

I have been informed of the charges and of my rights to:

(1)  retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2)  an identity hearing to determine whether I am the person named in the charges;

(3)  production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4)  a preliminary hearing to determine whether there is probable cause to believe that an offense has been committed, to be held within 14 days of my first appearance if I am in custody and 21 days otherwise, unless I have been indicted beforehand.

(5)  a hearing on any motion by the government for detention;

(6)  request a transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

☒  an identity hearing and production of the warrant.

☐  a preliminary hearing.

☐  a detention hearing.

☐  an identity hearing, production of the judgment, warrant, and warrant application, and any preliminary or detention hearing to which I may be entitled in this district. I request that my ☐ preliminary hearing and/or ☐ detention hearing be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.


Date:  7/13/2021                                        S/ Liang Liang Zeng
                                                    *Defendant's signature*


                                                    S/ David Stern
                                                    *Signature of defendant's attorney*

s/ James R. Cho, U.S.M.J.
7/13/2021
                                                    *Printed name of defendant's attorney*

AO 94 (Rev. 8/97) Commitment to Another District

# UNITED STATES DISTRICT COURT

| EASTERN | District of | NEW YORK |
|---|---|---|

| UNITED STATES OF AMERICA<br>V. | **COMMITMENT TO ANOTHER<br>DISTRICT** |
|---|---|

Liang Liang Zeng

| DOCKET NUMBER | | MAGISTRATE JUDGE CASE NUMBER | |
|---|---|---|---|
| District of Arrest | District of Offense | District of Arrest | District of Offense |
| | | 21-811 M | |

**CHARGES AGAINST THE DEFENDANT ARE BASED UPON AN**

☒ Indictment    ☐ Information    ☐ Complaint    ☐ Other (specify)

charging a violation of    18    **U.S.C. §**    1349

**DISTRICT OF OFFENSE**

District of Maryland

**DESCRIPTION OF CHARGES:**

Conspiracy to commit wire fraud

**CURRENT BOND STATUS:**

☐ Bail fixed at                    and conditions were not met
☒ Government moved for detention and defendant detained after hearing in District of Arrest
☐ Government moved for detention and defendant detained pending detention hearing in District of Offense
☐ Other (specify)

| **Representation:** | ☐ Retained Own Counsel | ☐ Federal Defender Organization | ☒ CJA Attorney | ☐ None |
|---|---|---|---|---|

| **Interpreter Required?** | ☐ No | ☒ Yes | Language: Mandarin |
|---|---|---|---|

**DISTRICT OF** NEW YORK

## TO: THE UNITED STATES MARSHAL

You are hereby commanded to take custody of the above named defendant and to transport that defendant with a certified copy of this commitment forthwith to the district of offense as specified above and there deliver the defendant to the United States Marshal for that District or to some other officer authorized to receive the defendant.

7/13/2021
Date

*James R. Cho*
United States Judge or Magistrate Judge

## RETURN

This commitment was received and executed as follows:

| DATE COMMITMENT ORDER RECEIVED | PLACE OF COMMITMENT | DATE DEFENDANT COMMITTED |
|---|---|---|
| | | |

| DATE | UNITED STATES MARSHAL | (BY) DEPUTY MARSHAL |
|---|---|---|
| | | |